[Sac. No. 4118.   Department Two.—December 20, 1928.]

GEORGE H. TAY COMPANY (a Corporation), Respondent, v. M. H. BREMSER, Appellant.

Ralph L. Lewis for Appellant.

John C. March and Walton C. Webb for Respondent.

SHENK, J.—This is an appeal from a judgment for the plaintiff in an action for the foreclosure of a mechanic's lien.

At the time mentioned herein the plaintiff was in the plumbing supply business. The defendant Bremser was the owner of the real property located at 2908 G Street in the city of Sacramento. Shortly prior to January, 1926, Bremser entered into a contract with one Pattiani for certain repairs and improvements on said property. From January 2 to April 8, 1926, the plaintiff sold to one Hardt certain plumbing fixtures and supplies, which it is conceded were installed in the building of the defendant Bremser. Hardt was transacting business under the name of General Plumbing Company. Two issues were presented to the trial court. The first was whether the lien of the plaintiff was filed in time, and the second whether Hardt purchased the plumbing material as the agent of the owner. The court resolved both issues in favor of the plaintiff.

On the appeal it is not contended that the evidence was insufficient to support the finding that the notice of lien was timely filed. The sole question for our determination is whether the evidence was sufficient to support the finding that Hardt was the agent of the owner as contemplated by section 1183 of the Code of Civil Procedure. It is conceded by the parties that if Hardt was merely a materialman who was not in law the agent of the owner the purchase by Hardt of plumbing material and supplies from another, such as the plaintiff in this case, would give the latter no right to a lien. It is also conceded that if Hardt was in the position of a subcontractor the lien of the plaintiff would be effectual.

We think the evidence was sufficient to support the finding that Hardt was either a contractor or a subcontractor.

The permit issued by the city authorizing the work and labor to be done was taken out under the name of F. T. Hardt, as plumbing contractor, and A. W. Pattiani, as building contractor. An assistant plumbing inspector of the city testified that during the progress of the plumbing work he went upon the job and directed one of Hardt's employees who was then and there engaged in plumbing work to do certain work in a manner satisfactory to the inspector. There was additional evidence that Hardt was the plumbing contractor and not merely a materialman. Under this showing the finding of the court that Hardt was the agent of the owner may not be disturbed.

During the course of the trial the court was endeavoring to ascertain, by questions propounded to counsel, the relationship of the several parties to the action. The appellant has singled out an answer of counsel for the plaintiff, in response to a question by the court, from which it is sought to show that the plaintiff, through its counsel, admitted that Hardt was a "material jobber" and was not engaged to install the plumbing. The concession that Hardt was a "material jobber" would not alone, when the entire record is considered, be sufficient upon which to base the conclusion that the plaintiff had stipulated itself out of court on this vital point. The trial court obviously did not deem the answer of counsel as having such effect. Counsel for the plaintiff has at all times disclaimed any such intention, and we cannot ascribe to his so-called admission any such disastrous result.

The judgment is affirmed.

Richards, J., and Langdon, J., concurred.